UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SARAH MERCER,

    Plaintiff,

-VS-

CASE NO.: CV616-115

CREDIT ONE BANK, N.A.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, by and through the undersigned counsel, and sues Defendant, CREDIT ONE BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). "Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Screven County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Screven County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Sylvania, Screven County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a Corporation and National Association with a principal place of business in Las Vegas, Nevada and conducting business in the state of Georgia.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (912) *** - 5378, and was the called party and recipient of Defendant's hereinafter described calls.

12. In or about March of 2016, Defendant initiated its campaign of automated phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (855) 344-7841, (770) 870-1039, and (770) 870-1035, and when those numbers are called, a recording begins that states: "Thank you for holding. Your call is important to us. Please hold for the next available representative."

13. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because when she would answer a call from the Defendant, she would hear either an extended pause before a live agent/representative would come on the line,

or an automated message stating that the call was from Credit One to collect a debt, and to hold the line for the next available representative.

14. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

16. In or about late March of 2016, due to the ceaseless barrage of phone calls received from the Defendant, Plaintiff answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative of the Defendant, told the agent that she was going to make a payment, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

17. During the aforementioned March of 2016 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

18. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

19. Again, in or about April of 2016, due to the continued calls to her aforementioned cellular telephone number by Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative, stated that she was going to make a payment, to which the agent responded by asking Plaintiff something to the

effect of why doesn't she borrow the money, and Plaintiff responded by again demanding that Defendant cease placing calls to her aforementioned cellular telephone number.

20. On at least three (3) separate occasions, Plaintiff has received a call from the Defendant, met with an extended pause, was eventually connected to a live agent/representative of Defendant, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number. Her principal reason for answering these calls and making these demands of Credit One Bank was the cumulative injury and annoyance she suffered from the calls placed by Credit One Bank. These injuries are further described below in paragraphs 24 through 31 herein.

21. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express consent to call his aforementioned cellular telephone number.

23. From about March of 2016 through the filing of this Complaint, Defendant has made over two-hundred (200) calls to Plaintiff's cellular telephone number, or as will be established after a thorough review of Defendant's records (please see attached **Exhibit "A"** representing a non-exclusive call log of thirty-one (31) calls over a five day period from May 14, 2016 to May 19, 2016).

24. From each and every call placed without express consent by the Defendant to the Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

5

25. From each and every call placed without express consent by the Defendant to the Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from the Defendant's call.

26. From each and every call placed without express consent by the Defendant to the Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, the Plaintiff had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

27. Each and every call placed without express consent by the Defendant to the Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, the Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, the Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

28. Each and every call placed without express consent by the Defendant to the Plaintiff's cell phone resulted in the injury of unnecessary expenditure of the Plaintiff's cell phone's battery power.

29. Each and every call placed without express consent by the Defendant to the Plaintiff's cell phone resulted in the injury of a trespass to the Plaintiff's chattel, namely her cellular phone and her cellular phone services.

30. As a cumulative result of Defendant's ceaseless barrage of unlawful calls to Plaintiff's aforementioned cellular telephone number, the Plaintiff suffered the injuries of annoyance, anxiety, intimidation, and emotional distress.

31. Further, as a result of Defendant's ceaseless barrage of calls to aforementioned cellular telephone number, Plaintiff has experienced stress and embarrassment while receiving the aforementioned "debt collection" calls from defendant while in the presence of her friends and family.

32. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant to remove the number.

33. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

34. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

35. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

36. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

37. Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

41. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may

deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Georgia Bar #: 617963
Attorney for Plaintiff
TGomez@ForThePeople.com